DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Alice M. Jenkins, appeals the sentence imposed upon her by the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On February 10, 2004, Defendant pled guilty to multiple counts of kidnapping in violation of R.C. 2905.01(A)(3); felonious assault in violation of R.C. 2903.11(A)(1); endangering children in violation of R.C. 2919.22(B)(2) and R.C. 2919.22(A); corrupting another with drugs in violation of R.C. 2925.02(A)(4)(a); and possession of marijuana in violation of R.C. 2925.11(A). The trial court sentenced Defendant to an aggregate prison term of thirty years. Defendant moved to withdraw her guilty plea, but the trial court denied the request. This Court affirmed her sentence and the trial court's ruling on her motion to withdraw the guilty plea. State v. Jenkins, 9th Dist. No. 22008, 2005-Ohio-11. On May 22, 2006, the Supreme Court of Ohio reversed this Court's decision with respect to Defendant's sentence and remanded the case to the trial court for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. *Page 2 In re Ohio Criminal Statutes Sentencing Cases, 109 Ohio St.3d 313,2006-Ohio-2109, at ¶ 22.
 {¶ 3} On March 13, 2008, the trial court resentenced Defendant to an aggregate prison term of thirty years. Defendant timely appealed.
 ASSIGNMENT OF ERROR I "A trial court's resentencing a defendant to non-minimum, maximum, and consecutive prison terms under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E. 2d 470, violates the defendant's rights guaranteed by the Sixth Amendment to the United States Constitution. Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531; United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738."
 ASSIGNMENT OF ERROR II "Because resentencing under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E. 2d 470, retroactively subjects a defendant to a `statutory maximum sentence' that greatly exceeds the maximum sentence the defendant was subject to when the alleged offenses were committed, Foster violates the Due Process Clauses of the Ohio and United States Constitutions."
 {¶ 4} Defendant's first and second assignments of error argue that the remedy fashioned by the Supreme Court of Ohio in Foster violates her right to a jury trial and to due process and operates as an unconstitutional ex post facto law. This Court disagrees.
 {¶ 5} In Foster, the Ohio Supreme Court held that the parts of Ohio's felony sentencing statutes that required judicial factfinding before a trial court could impose maximum sentences, consecutive sentences, or sentences greater than the minimum violated the Sixth Amendment to the United States Constitution. Id. at paragraph seven of the syllabus and ¶ 82-83. The Court severed the unconstitutional parts of the sentencing statutes, but enforced the rest. Id. at ¶ 97. The Court also concluded that trial courts have discretion to impose a sentence within the statutory range without the need for findings of fact with respect to maximum sentences, consecutive sentences, or sentences greater than the minimum. Id. at paragraph seven of the *Page 3 
syllabus and ¶ 99. After Foster, courts are to "consider" factors related to the seriousness of a defendant's conduct and the likelihood of recidivism, but pre-Foster findings are neither required nor permitted. State v. Roper, 9th Dist. No. 23454, 2008-Ohio-1053, at ¶ 11, quoting State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38. "Since Foster, trial courts may impose consecutive sentences under facts that would have previously supported only concurrent sentences and may impose longer sentences in cases that once would have supported only minimum sentences." State v. Kelly, 9th Dist. No. 06CA008967,2008-Ohio-1458, at ¶ 68.
 {¶ 6} This Court has previously considered and rejected each of Defendant's constitutional arguments. Kelly at ¶ 69-70; State v.Ross, 9th Dist. No. 23375, 2007-Ohio-1265, at ¶ 5-7. Defendant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III
"A common pleas court lacks jurisdiction to impose consecutive sentences for the commission of multiple felonies."
 {¶ 7} Defendant's third assignment of error is that the trial court erred by imposing consecutive sentences for certain of her convictions without the constitutional or statutory authority to do so.
 {¶ 8} In State v. Bates, 118 Ohio St.3d 174, 2008-Ohio-1983, the Supreme Court of Ohio rejected this argument:
 "The severance and excision of former R.C. 2929.14(E)(4) and former R.C. 2929.41(A) in their entirety by Foster *** leaves no statute to establish in the circumstances before us presumptions for concurrent and consecutive sentencing or to limit trial court discretion beyond the basic `purposes and principles of sentencing' provision articulated and set forth in R.C. 2929.11 and 2929.12. As a result, the common-law presumptions are reinstated. Such a conclusion is also consistent with the perspective of the Ohio Criminal Sentencing Commission, which opined that after Foster, judges have broader discretion within felony ranges to impose definite and consecutive sentences. In particular, `[j]udges are no longer guided to give concurrent sentences unless circumstances argue that consecutive sentences are more appropriate.' *Page 4 
"Accordingly, the trial court now has the discretion and inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently, and we hold that the trial court may impose a prison sentence to be served consecutively to a prison sentence imposed on the same offender by another Ohio court." (Internal citations omitted.) Bates, 2008-Ohio-1983, at ¶ 18-19.
Defendant's third assignment of error is overruled for the reasons set forth in Bates.
 ASSIGNMENT OF ERROR IV "The Trial Court failed to consider the principles of sentencing, per R.C. 2929.11 and failed to balance the factors of seriousness and recidivism pursuant to R.C. 2929.12."
 {¶ 9} Defendant's fourth assignment of error is that her sentence reflects an abuse of the trial court's discretion. This Court concludes that Defendant's sentence is neither clearly and convincingly contrary to law nor an abuse of the trial court's discretion.
 {¶ 10} Post-Foster, this Court must employ a two-step analysis in reviewing sentencing. See State v. Kalish, 120 Ohio St.3d 23,2008-Ohio-4912, at ¶ 26.[1] In the first step, we consider whether the trial court "adhered to all applicable rules and statutes in imposing the sentence." Id. at ¶ 14. "As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." Id. In the second step, we consider, with reference to the general principles of felony sentencing and the seriousness and recidivism factors set forth in Sections 2929.11 and 2929.12, whether the trial court abused its discretion in selecting the defendant's sentence. See id. at ¶ 19-20. *Page 5 
 {¶ 11} The trial court adhered to the applicable rules and statutes in this case, and Defendant's sentence, which included prison terms that were greater than the minimum and some that are to be served consecutively, is not clearly and convincingly contrary to law. The trial court stated that it considered the purposes and general principles of felony sentencing set forth in R.C. 2929.11 and R.C. 2929.12. The felony sentences that were imposed upon Defendant are within the permissible statutory ranges. See R.C. 2929.14(A)(1)-(4).
 {¶ 12} The trial court did not abuse its discretion in imposing these prison terms upon Defendant. The trial court explained that it had considered a pre-sentence investigation, victim impact statements, and records from the Summit County Children Services Board. The presentence investigation report, however, is not part of the record in this appeal. See, generally, State v. Hultz, 9th Dist. No. 07CA0043, 2008-Ohio-4153, at ¶ 13. The trial court noted that Defendant's crimes consisted of "acts of cruelty and abuse" involving five children, "ages at the time fourteen, twelve, ten, eight, and six" and explained the condition in which the child victims were found.
 {¶ 13} Defendant's sentence is neither clearly and convincingly contrary to law nor an abuse of the trial court's discretion. Defendant's fourth assignment of error is overruled.
 {¶ 14} Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 6 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CARR, P. J. MOORE, J. CONCUR.
[1] We note at this point that Kalish is a plurality opinion of the Court. As such, it "is of questionable precedential value inasmuch as it was a plurality opinion which failed to receive the requisite support of four justices of [the] court in order to constitute controlling law."Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627, 633. See, also, State v.Harris, 8th Dist. No. 90699, 2008-Ohio-5873, at ¶ 99 fn.1 (declining to apply the rationale approved by the Kalish plurality). *Page 1