DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. Garry L. Ross, defendant below and appellant herein, pled guilty to breaking and entering in violation of R.C. 2911.13(B).
 {¶ 2} Appellant assigns the following error for review:
 "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT-APPELLANT."
 {¶ 3} On November 18, 2007, appellant visited Carroll Boehme's property and *Page 2 
attempted to hook-up her trailer and make-off with it. The Adams County Grand Jury returned an indictment that charged him with the aforementioned offense. Appellant agreed with the State to plead guilty in exchange for a recommendation that he be given a community control sentence. At the sentencing hearing, however, the trial court disregarded the sentencing recommendation and sentenced appellant to serve nine months in prison. This appeal followed.
 {¶ 4} Appellant's assignment of error posits separate arguments to the effect that the trial court erred in sentencing him to serve prison time. His first argument asserts that a prison sentence is precluded by R.C. 2929.12(B)(2)(b) for first time offenders.[1] We disagree.
 {¶ 5} A community control sanction is not required under the statute unless a court makes a finding that community control is consistent with the R.C. 2929.11 purposes and principles of sentencing. Here, the trial court made no such finding and, thus, did not err by failing to impose community control.
 {¶ 6} Our conclusion is buttressed by the extensive colloquy in the sentencing hearing transcript between the trial court and appellant. The court initially explained to appellant that sentencing is typically a "a no-brainer" on fifth degree felonies because of the presumption for community control rather than prison. The court then explained in *Page 3 
detail why it would not impose community control in this case. The court noted that one concern was appellant's arrest for driving without a license and his indictment for "chemicals to manufacture," both of which occurred after his arrest in the case at bar. The court explained that "one of the issues" it must consider in sentencing is how "to protect the public from future crimes." That language comes from R.C. 2929.11(A). It is therefore clear that the trial court considered R.C. 2929.12(B) but, in the end, rejected community control because, as it aptly noted, appellant's arrest in the case sub judice appears to have only "accelerated" his criminal conduct.
 {¶ 7} Appellant also argues that the trial court's decision "to ship a first-time felon" to prison constitutes an abuse of discretion. We are not persuaded.
 {¶ 8} Our analysis of this argument begins with the recent Ohio Supreme Court case of Kalish v. Kalish, 120 Ohio St.3d 23,896 N.E.2d 124, 2008-Ohio-4912, wherein the Court announced the standard of appellate review for felony sentences subsequent to its ruling inState v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856.[2]
 {¶ 9} Post-Foster, we now apply a two-step test: (1) we must examine whether the trial court complied with all the applicable rules and statutes and determine if the "sentence is clearly and convincingly" contrary to law; and (2) if so, we must apply an *Page 4 
abuse of discretion standard to evaluate the trial court's sentence.Kalish, supra at ¶ 4.
 {¶ 10} As to the first step, the Kalish court did not clearly specify what "pertinent laws" we are to consider to ensure that the sentence "clearly and convincingly" adheres to Ohio law. The only specific guideline is that the sentence must be within the statutory range, see id. at ¶ 15. That is certainly the case here.[3] Appellant cites no other failure to comply with "pertinent law" and we have found none from our own review of the record.
 {¶ 11} We now turn to the question of whether the court abused its discretion by imposing a prison term. Generally, an abuse of discretion is more than either an error of law or judgment; it implies the court's attitude was unreasonable, arbitrary or unconscionable. State v.Clark (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331, 335; State v.Moreland (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894, 898. In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. State ex rel. Duncan v. ChippewaTwp. Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In reJane Doe 1 (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181. To establish an abuse of discretion, the result must be so grossly violative of fact or logic that it evidences not the exercise of will, but perversity of will; not the exercise of judgment, but defiance of judgment; and not the exercise of reason, but, instead, passion or bias.Vaught v. Cleveland Clinic Found., 98 Ohio St.3d 485, *Page 5 787 N.E.2d 631, 2003-Ohio-2181, ¶ 13; Nakoff v. Fairview Gen. Hosp.
(1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1.
 {¶ 12} As noted previously, the trial court in the case sub judice engaged in an extensive discussion with appellant to explain why it disregarded the sentencing recommendation and the fifth degree felony statutory preference for community control over prison terms. One of those reasons, as we discussed supra, is appellant's involvement in two other criminal cases subsequent to this one. In addition, the court cited other incidents in which appellant drove motor vehicles without a license or insurance, thereby endangering others on the road. The court also took exception to what it called appellant's previous "take on the case" and his claim that he was "pretty messed up" and did not know what he was doing when he tried to hitch-up Boehme's trailer to his truck.
 {¶ 13} We believe that the record is clear that the trial court gave considerable attention to these factors. Appellant may disagree with how the trial court weighed them, but it is obvious that the court had specific reasons for imposing a prison sentence. Thus, the sentence cannot be said to be arbitrary. As to whether it is unreasonable or unconscionable, we share the court's concern over appellant's criminal activity. We also point out that appellant was not given the maximum allowable sentence (twelve months) for this offense, but rather a lesser sentence of nine months.
 {¶ 14} For all these reasons, we find no abuse of discretion in the trial court's decision to impose a prison term. Accordingly, we hereby overrule the assignment of error and affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion
[1] That statute provides as follows:
"Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender." R.C. 2929.12(B)(2)(b).
[2] Whether Kalish actually clarifies the issue is open to debate. The opinion carries no syllabus and only three justices concurred in the decision. A fourth concurred in judgment only and three justice dissented. As a result, our colleagues on the Cuyahoga County Court of Appeals have announced they simply will not follow the plurality and will continue to apply the standard the Eighth District has used all along. State v. Harris, Cuyahoga App. No. 90699, 2008-Ohio-5873, at ¶ 99, fn. 1. The same problem has been recognized in the Ninth District, but our colleagues on the Summit County Court of Appeals have applied the two-step Kalish analysis regardless. See State v. Jenkins, Summit App. No. 24166, 2008-Ohio-6620, at ¶ 10, fn. 1. We will do the same.
[3] R.C. 2911.13(C) makes breaking and entering a fifth degree felony. Fifth degree felonies are punishable by up to twelve months in prison. R.C. 2929.14(A)(5). As aforesaid, appellant received a nine month prison sentence in this case. *Page 1