OPINION
{¶ 1} Defendant-appellant, Rosevelt Harris ("appellant"), appeals from the judgment of the Franklin County Municipal Court, which, following a jury trial, convicted him of telecommunications harassment in violation of R.C. 2917.21(B).
 {¶ 2} On appeal, appellant asserts only one assignment of error, as follows:
 THE TRIAL COURT ERRED WHEN IT CONVICTED THE DEFENDANT OF A VIOLATION OF R.C. 2917.21(B), WHICH IS UNCONSTITUTIONAL ON ITS FACE AND WAS *Page 2 
ALSO APPLIED UNCONSTITUTIONALLY TO THE DEFENDANT SINCE IT PUNISHED CONDUCT THAT IS PROTECTED BY THE FIRST AMENDMENT.
 {¶ 3} In his sole assignment, appellant challenges the constitutionality of R.C. 2917.21(B), both on its face and as applied to him. In general, an appellate court will not consider any error that an appealing party could have called, but did not call, to the trial court's attention at a time when the trial court could have avoided or corrected the error. State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus. Important for our purposes here, a party's failure to challenge "the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure." State v. Awan (1986), 22 Ohio St.3d 120, syllabus. A constitutional issue not raised at trial "need not be heard for the first time on appeal." Id. Accord State v. Am. Bail Bond Agency (1998),129 Ohio App.3d 708, 716, citing State v. 1981 Dodge Ram Van (1988),36 Ohio St.3d 168, 170; City of Akron v. Kirby (1996), 113 Ohio App.3d 452,463; State v. Trewartha, 10th Dist. No. 05AP-513, 2006-Ohio-5040, ¶ 28.
 {¶ 4} Appellant did not raise the constitutionality of R.C. 2917.21(B) in the trial court. We decline to consider it for the first time here. Accordingly, we overrule appellant's only assignment of error. We affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
SADLER and KLATT, JJ., concur. *Page 1