The STATE of Ohio, Appellee,

v.

FRANKLIN, Appellant.

[Cite as State v. Franklin, 182 Ohio App.3d 410, 2009-Ohio-2664.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–900.

Decided June 9, 2009.

Ron O'Brien, Franklin County Prosecuting Attorney, and Barbara A. Farnbacher, for appellee.

Yeura R. Venters, Public Defender, and John W. Keeling, for appellant.

_____

FRENCH, Presiding Judge.

{¶ 1} Defendant-appellant, Jesse L. Franklin, appeals from his prison sentences and Tier III sex-offender classification issued by the Franklin County Court of Common Pleas. For the following reasons, we affirm.

{¶ 2} The Franklin County Grand Jury indicted appellant on three counts of rape. Pursuant to a plea bargain, appellant pleaded guilty to two counts of sexual battery. The trial court held a sentencing hearing. At the hearing, defense counsel asserted that appellant had an alcohol problem. Appellant was 45 years old at the time of the hearing, and defense counsel noted that appellant had started drinking alcohol when he was 13 years old. Counsel said that appellant completed one treatment program and was in the process of enrolling in another one. Counsel acknowledged that appellant had committed multiple alcohol-related offenses since he was 17. Counsel claimed that appellant's alcohol problem precipitated the sex offenses, but counsel argued that appellant's being under the influence of alcohol mitigated the seriousness of the offenses. Counsel requested community control for appellant, but said that if the court were to impose prison time, it should impose "nothing greater" than the three years it imposed on the codefendant.

{¶ 3} The court said that appellant "voluntarily chooses to get intoxicated" and is "responsible for his actions if he is intoxicated." The court noted that appellant was previously placed on probation for "at least" three offenses, and probation was revoked "at least" for one offense. Because of the seriousness of the sex offenses, the court declined to impose community control. Additionally, the court declined to impose a sentence similar to that of the codefendant's because the codefendant obtained a favorable sentence in exchange for agreeing to testify against appellant if a trial occurred. The court sentenced appellant to four years' imprisonment for each count, and the court ordered appellant to serve the sentences consecutively. The court classified appellant as a Tier III sex offender with lifetime registration duties.

{¶ 4} Appellant appeals asserting the following assignments of error:

ASSIGNMENT OF ERROR NUMBER ONE

The trial court erred when it imposed a prison term of eight years upon the defendant while imposing a three-year term upon the co-defendant, who was involved in the same identical conduct, in violation of the court's obligation to

sentence uniformly and fairly and the defendant's right to equal treatment under the law.

## ASSIGNMENT OF ERROR NUMBER TWO

The trial court erred in imposing consecutive sentences because the only statutory authority for imposing consecutive terms was held to be unconstitutional in State v. Foster (2006), 109 Ohio St.3d 1[, 845 N.E.2d 470].

## ASSIGNMENT OF ERROR NUMBER THREE

The Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, erroneously held that Ohio's statutory scheme, that required judges to make certain findings of fact before consecutive sentences could be imposed, was unconstitutional and therefore committed error when it ruled that this portion of the law was unconstitutional and had to be excised. The trial court likewise committed error when it followed this unconstitutional ruling.

## ASSIGNMENT OF ERROR NUMBER FOUR

Trial counsel was ineffective for failing to properly raise a challenge to the unlawful imposition of consecutive sentences in violation of the defendant's Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

## ASSIGNMENT OF ERROR NUMBER FIVE

The trial court committed plain error when it imposed consecutive sentences upon the defendant without making the required findings of fact.

## ASSIGNMENT OF ERROR NUMBER SIX

The trial court erred when it applied Senate Bill 10 to an offense that predated the effective date of the new legislation in violation of the ex post facto provision of Article I, Section 10, of the United States Constitution.

## ASSIGNMENT OF ERROR NUMBER SEVEN

The application of the provisions of Senate Bill 10 to those convicted of offenses committed before its effective date, but sentenced after that date, violate the ban on retroactive laws set forth in Article II, Section 28, of the Ohio Constitution.

{¶ 5} In his first assignment of error, appellant asserts that when the trial court sentenced him to a prison term greater than that of his codefendant, the court violated R.C. 2929.11(B). That section requires courts to impose punishment "consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 6} As an initial matter, we must determine the standard of review to apply, given appellant's challenge. In *State v. Burton*, 10th Dist. No. 06AP–690, 2007-Ohio-1941, 2007 WL 1196579, ¶ 19, this court held that pursuant to R.C. 2953.08(G), we review whether clear and convincing evidence establishes that a felony sentence is contrary to law.

{¶ 7} After *Burton,* however, in a plurality opinion, the Supreme Court of Ohio established a two-step procedure for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires that the trial court's decision be "reviewed under an abuse-of-discretion standard." Id.

{¶ 8} As a plurality opinion, *Kalish* is of limited precedential value. See *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (characterizing prior case as "of questionable precedential value inasmuch as it was a plurality opinion which failed to receive the requisite support of four justices of this court in order to constitute controlling law"). And, since *Kalish,* this court has continued to rely on the standard applied in *Burton* and its progeny, i.e., whether clear and convincing evidence establishes that a sentence is contrary to law. In some cases, it appears that we have done so because the appellant argued that an alleged inconsistency with a codefendant's sentence made the appellant's sentence contrary to law. See, e.g., *State v. Burkes,* 10th Dist. No. 08AP–830, 2009-Ohio-2276, 2009 WL 1361955, ¶ 14 (appellant contended his sentence was contrary to law because the state's justification for longer sentence was invalid); *State v. O'Keefe,* 10th Dist. No. 08AP–724, 2009-Ohio-1563, 2009 WL 840403, ¶ 37–38 (appellant asserted that his sentence was contrary to law because it was inconsistent with sentences imposed on his codefendants); *State v. Hayes,* 10th Dist. No. 08AP–233, 2009-Ohio-1100, 2009 WL 638475, ¶ 4, 7 (appellant asserted that her sentence was contrary to law because it was inconsistent and disproportionate to the sentences imposed on others involved in the same crimes).

{¶ 9} Here, whether we apply the two-step analysis of *Kalish* or the contrary-to-law standard of *Burton,* we conclude that the trial court did not err when it sentenced appellant. See *State v. Morales–Gomez,* 10th Dist. No. 08AP–336, 2008-Ohio-6513, 2008 WL 5196517, ¶ 8–11 (acknowledging *Kalish* and rejecting the appellant's contentions "[w]hether we apply a contrary to law or abuse of discretion standard").

■ {¶ 10} In applying the contrary-to-law standard, we determine whether the trial court considered and properly applied the appropriate statutory guidelines and whether the sentence is otherwise contrary to law. *O'Keefe,* 2009-Ohio-1563, 2009 WL 840403, at ¶ 39. The defendant must point to facts and circumstances in the record that demonstrate the trial court's failure to consider relevant statutory factors. *State v. Todd,* 10th Dist. No. 06AP–1208, 2007-Ohio-4307, 2007 WL 2398506, ¶ 15.

■ {¶ 11} Appellant argues that the trial court needed to justify on the record the dissimilar sentences between appellant and the codefendant. Appellant is incorrect. R.C. 2929.11 does not mandate judicial fact-finding. *State v. Hall,* 179 Ohio App.3d 727, 2008-Ohio-6228, 903 N.E.2d 676, ¶ 8.

■ {¶ 12} Appellant also argues that R.C. 2929.11(B) required the trial court to impose on appellant the sentence it imposed on the codefendant. Appellant's assertion that the codefendant received a lesser sentence does not itself establish an R.C. 2929.11(B) violation. See *O'Keefe* at ¶ 41. There is no requirement that codefendants receive equal sentences. *Hall* at ¶ 10. Differences between defendants allow trial courts to impose different sentences upon individuals convicted of similar crimes. See *State v. Holloman,* 10th Dist. No. 07AP–875, 2008-Ohio-2650, 2008 WL 2250226, ¶ 28.

■ {¶ 13} Here, the record precludes sufficient comparison between appellant and the codefendant. The record does not specify the charges to which the codefendant pleaded guilty. We also do not know the codefendant's criminal record. Thus, we cannot compare the charges or the defendants' criminal records.

{¶ 14} The trial court stated the following in its sentencing entry: "[The court has] considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14." This statement establishes that the trial court satisfied the consistency requirement in R.C. 2929.11(B).

■ {¶ 15} The record also supports the conclusion that the trial court did not abuse its discretion when it imposed its sentence on appellant. Appellant has two prior juvenile adjudications and nine prior adult convictions, and he has not been amenable to previous sanctions. Appellant's criminal record spanned almost 30 years at the time of sentencing, he had one probation revocation, and he was on community control when he committed the sex offense. Also establishing recidivism is that appellant's alcohol abuse, which had not been treated successfully, precipitated the sex offenses. See *State v. Wobbler* (Apr. 23, 2002), 3d Dist. No. 12–01–13, 2002 WL 971759, ¶ 21–28. These recidivist factors support appellant's lengthy prison term. See R.C. 2929.12(D).

{¶ 16} For all these reasons, we conclude that the sentence imposed on appellant was neither contrary to law nor an abuse of discretion by the trial court. For these reasons, we reject appellant's similar claim that the trial court violated his civil and constitutional rights to equal treatment under the law. Accordingly, we overrule appellant's first assignment of error.

{¶ 17} In his second assignment of error, appellant argues that the trial court lacked authority to impose consecutive sentences because in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 99, the Supreme Court of Ohio excised as unconstitutional statutes that gave trial courts discretion to impose consecutive sentences after making certain findings. We rejected this argument in *State v. Worrell,* 10th Dist. No. 06AP–706, 2007-Ohio-2216, 2007 WL 1346580, ¶ 6–11. Therefore, on this authority, we overrule appellant's second assignment of error.

{¶ 18} In his third and fifth assignments of error, appellant claims that *Foster* is wrong, pursuant to *Oregon v. Ice* (2009), —— U.S. ——, 129 S.Ct. 711, 172 L.Ed.2d 517, and that, despite *Foster,* he was entitled to be sentenced under the excised statutes that required the trial court to make particular findings in order to impose consecutive sentences. The Supreme Court of Ohio has not reconsidered *Foster,* however, and the case remains binding on this court. *State v. Mickens,* 10th Dist. No. 08AP–743, 2009-Ohio-2554, 2009 WL 1526918, ¶ 25. Therefore, we overrule appellant's third and fifth assignments of error.

{¶ 19} In his fourth assignment of error, appellant contends that defense counsel was ineffective for failing to object to his prison term. We disagree because we have rejected appellant's arguments against the prison term. See *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Thus, we overrule appellant's fourth assignment of error.

{¶ 20} Appellant's sixth and seventh assignments of error concern his Tier III sex-offender classification. The trial court made this classification pursuant to the Adam Walsh Act, implemented under S.B. No. 10. Appellant argues that retroactive application of this law violates the Ex Post Facto Clause of the United States Constitution and the Ohio Constitution's ban on retroactive laws. These issues are pending before the Supreme Court of Ohio in *In re D.S.,* case No. 2008–1624.

{¶ 21} Appellant did not raise these issues in the trial court. A constitutional issue not raised at trial "need not be heard for the first time on appeal." *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus. Accord *State v. Harris,* 10th Dist. No. 08AP–723, 2009-Ohio-1188, 2009 WL 690372, ¶ 3. Because appellant failed to raise these issues in the trial court and because these issues are pending review in the Supreme Court in a different case, we decline to consider appellant's constitutional arguments. Accordingly, we overrule appellant's sixth and seventh assignments of error.

{¶ 22} In summary, we overrule appellant's seven assignments of error. We affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

CONNOR, J., concurs.

MCGRATH, J., concurs separately.

MCGRATH, Judge, concurring separately.

{¶ 23} Although I agree with the judgment of the court herein, I would find that an analysis of the trial court's sentence based on an abuse-of-discretion standard is unnecessary, having found that the sentence, by clear and convincing evidence, is compliant with law.