[Cite as *State v. Collins*, 2010-Ohio-5854.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 10CA898 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Jonathon Collins, | : | |
| Defendant-Appellant. | : | **Released 11/24/10** |

_____

<u>APPEARANCES</u>:

Timothy J. Kelly, Mt. Orab, Ohio, for appellant, Jonathon Collins.

Aaron E. Haslam, Adams County Prosecuting Attorney, and Kris D. Blanton, Adams County Assistant Prosecuting Attorney, West Union, Ohio, for appellee, State of Ohio.
_____

Harsha, J.

{¶1}    Jonathon Collins appeals his sentence for one count of escape.  Collins was arrested and indicted after fleeing from police officers and spitting on one of them. He later pleaded guilty but was placed in an "intervention in lieu of conviction" program, the successful completion of which would have earned him a dismissal.  After he failed to complete the treatment program, the court found him guilty and sentenced him to a prison term of ten months.

{¶2}    On appeal, Collins argues that the trial court erred by imposing a prison sentence instead of community control sanctions.  We disagree because the record demonstrates that the court considered the proper statutory factors in determining that Collins was not amenable to community control.

{¶3}    Collins also contends that the court abused its discretion in imposing a ten month prison sentence for a relatively minor felony offense.  We disagree because the

sentence was within the range authorized by statute, the record demonstrates that the court gave due consideration to the relevant statutory factors in felony sentencing, and the court offered specific reasons for imposing the sentence. Consequently, we affirm the decision of the trial court.

## I. Factual Summary

{¶4} Police received a report that Collins was intoxicated in public. When they arrived at the scene, Collins fled. Police caught up with him and attempted to handcuff him. However, Collins broke away and attempted to elude police once again. Police eventually stopped and restrained him. During his arrest, Collins spat in the direction of an arresting police officer, striking him in the uniform and mouth with saliva.

{¶5} Collins was subsequently indicted on one count of harassment with a bodily substance, in violation of R.C. 2921.38(B). At the arraignment, Collins entered a not guilty plea, and the trial court granted him a money bond. The court informed Collins of the conditions of the bond, which included a strict curfew, refraining from the use of any illegal narcotics or non-prescribed medication, random drug testing, and no changes of address except with the prior approval of the court.

{¶6} Later the trial court changed Collins' bond to a personal recognizance bond with the same conditions. The court revoked this bond a month later after Collins tested positive for non-prescribed medication. The court also noted that Collins had not been living at home and authorities had been trying to locate him for several weeks.

{¶7} Collins later filed a motion for intervention in lieu of conviction (ILC) under R.C. 2951.041. The court held a hearing and the state said it did not oppose ILC. The court ordered Collins assessed for ILC. The court informed Collins that in an ILC

program he would be under supervision by the probation department for one year, subject to any regular drug and alcohol tests and other conditions of probation. The court warned Collins that if he failed to complete counseling or any condition of probation, the court would immediately find him guilty and proceed to sentencing. However, if Collins completed ILC, the court would be required to dismiss the felony charge against him.

{¶8}    A month later the court conducted a "final" ILC hearing. It noted that Collins had been assessed for ILC and qualified for a treatment program at the Marsh House. However, the court noted that Collins did not qualify for ILC under R.C. 2951.041 because the victim of the crime was a police officer. See R.C. 2951.041(B)(7). The court asked Collins and the state to research whether Collins could possibly qualify for ILC despite the charge against him.

{¶9}    After a recess, the state informed the court that it had agreed with Collins in plea negotiations to "amend" the original indictment to a charge of escape, in violation of R.C. 2921.34, also a felony of the fifth degree.[1] The prosecutor stated: "should the defendant found to be eligible on all. . ., except for the due to the nature of this charge, the State would amend that F 5, Harassment with a Bodily Substance, to the Felony 5 Escape, Statute, which would also conform with the factual basis, which occurred on the date in question." [Sic.] Thus, the state offered to amend the indictment for the specific purpose of qualifying Collins for ILC. The court then found Collins eligible for ILC and set a date for a change of plea hearing.

---

[1] Collins has not challenged either the ability of the state to offer such an amendment or the ability of the court to accept such an amendment. Thus, we do not address this issue.

{¶10} Two months later the court held a hearing and asked Collins why he had not yet completed an assessment for the Marsh House program.[2] Collins explained that he lost his "medical card"[3] prior to the previous court hearing. The court scolded Collins and questioned why, in two months time, he had never sought to obtain a new card. Collins said he could not get a ride. The court concluded the hearing by ordering Collins to obtain a medical card and receive a final assessment for Marsh House treatment.

{¶11} The court held another hearing about a month later. Collins revealed that he had still not obtained a medical card or been assessed. He informed the court that he had been placed in a psychiatric ward four times since the previous hearing date for attempts at suicide. The court indicated it no longer looked favorably at ILC for Collins and that it would set the matter for trial.

{¶12} However, two months later yet another hearing occurred on ILC. Apparently, Collins obtained the medical card. A counselor testified that she completed Collins' assessment for Marsh House and he was eligible for treatment. The court indicated it would grant Collins' motion for ILC and accept his guilty plea.

{¶13} The court again warned Collins that he typically orders a prison sentence for individuals who do not successfully complete ILC. Collins then entered a guilty plea and the court granted his request for ILC.

---

[2] The record is unclear, but apparently, Collins had not yet qualified for treatment at Marsh House despite what was asserted at the prior hearing.

[3] We take judicial notice that a "medical card" is proof of Medicaid coverage that must be presented to a private treatment program by treatment seekers who cannot afford to pay. A medical card is relatively simple to obtain and would require, in this case, visiting the Adams County Department of Job and Family Services, filling out some forms, and waiting a few days for administrative processing.

{¶14} In the midst of the hearing, the court received a letter from the probation department that Collins had not been attending appointments agreed upon in his treatment plan. Collins admitted he had missed his last appointment but that he had rescheduled it. He said he missed it because he "didn't have a ride." The court warned Collins: "You're gonna fail and go to prison, if you take this attitude. Do you understand that?" He stated he did.

{¶15} Less than two weeks later Collins voluntarily walked away from the Marsh House. The court issued a warrant for his arrest and police apprehended him over a month later.

{¶16} The court held a hearing to revoke ILC and impose sentence. At the hearing Collins told the court that his behavior was "wrong" and "disrespectful." He acknowledged that his attorney, the state, and the court had all "bent over backwards for me."

{¶17} The court then proceeded with sentencing, and noted that it had considered the facts constituting the crime, the purposes and principles of felony sentencing contained in R.C. 2929.11, and the seriousness and recidivism factors of R.C. 2929.12. The court noted that Collins had been a "frequent flyer" in his courtroom and indicated that he tracked Collins' progress through an alternative school. The court noted that he saw him at graduation, although he was aware that Collins did not in fact graduate. The court also commented that Collins told him at the graduation that he was "off-paper" and there was nothing the court could do. The court observed it had repeatedly delayed Collins' admission into ILC for three or four months because he failed to obtain a medical card.

{¶18} The court informed Collins that it could perceive nothing it could do to protect the public from "future crime by you." The court noted that attempts at rehabilitation were unsuccessful and that Collins refused to comply with rehabilitation. Ultimately, the court determined that Collins was not amenable to community control sanctions and ordered him to serve a prison term of ten months.

{¶19} Collins then filed this appeal.

## II. Assignment of Error

{¶20} Collins presents a single assignment of error:

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FOUND DEFENDANT-APPELLANT NOT AMENABLE TO COMMUNITY SANCTIONS AND SENTENCED HIM TO TEN MONTHS IN PRISON.

## III. Felony Sentencing

{¶21} Collins contends that the court erred by imposing a prison sentence, as opposed to community control sanctions, because it failed to consider the relevant statutory factors indicating a preference for community control sanctions. Collins also argues that the court abused its discretion by imposing an excessive ten month sentence for a relatively minor felony offense. Collins asserts that the imposed prison term was not based on a proper consideration of statutory factors, but rather, the court's frustration with Collins' repeated failures to successfully qualify for or complete ILC.

{¶22} In response, the state argues that there was no statutory presumption for community control in this case and that community control would not have been consistent with the principles and purposes of felony sentencing. The state argues that the court clearly explained its reasoning for imposing a ten month prison sentence, i.e.,

Collins' voluntary withdrawal from ILC and Collins' failure to follow the general conditions of the supervisory terms of his bond.

## A.  Standard of Review of Felony Sentencing

{¶23}  Under the Supreme Court of Ohio's decision in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, appellate review of felony sentencing requires a two-step approach.[4]  First, we must ensure that the sentencing court has adhered to all applicable rules and statutes in imposing the sentence.  This purely legal question is subject to review only to determine whether the sentence is clearly and convincingly contrary to the law. Id. at ¶14.  If the trial court has followed the proper procedure and applied the appropriate statutory analysis, we review the trial court's decision under an abuse of discretion standard. Id. at ¶4.  To constitute an abuse of discretion, the trial court's decision must be unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157-158, 404 N.E.2d 144.

## B.  Review of Sentence for Errors of Law

{¶24}  Initially, we will review whether Collins' prison sentence was clearly and convincingly contrary to law.  Under the present state of felony sentencing law in Ohio, a trial judge has full discretion to impose a prison sentence within the basic range set by statute. *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶100.  If the sentence exceeds this statutory range, then it is clearly and convincingly contrary to law. *Kalish* at ¶15.

---

[4] *Kalish* was a plurality opinion and some courts of appeal, citing *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 633, 635 N.E.2d 323, have described it as of limited precedential value.  See *State v. Franklin*, 182 Ohio App.3d 410, 2009-Ohio-2664, 912 N.E.2d 1197, at ¶8; *State v. Jenkins*, Summit App. No. 24166, 2008-Ohio-6620, at ¶10, fn. 1; see, also, *State v. Harris,* Cuyahoga App. No. 90699, 2008-Ohio-5873, at ¶99, fn. 1.  Nonetheless, we have previously held that we will continue to apply its standard. *State v. Welch*, Washington App. No. 08CA29, 2009-Ohio-2655, at ¶6, fn. 1.

**{¶25}** Collins was convicted of escape, in violation of R.C. 2921.34(A)(1) and a felony of the fifth degree. See R.C. 2921.34(C)(2)(c)(i).[5] The range of authorized prison sentences for fifth degree felonies is six to twelve months. R.C. 2929.14(A)(5). Collins was sentenced to ten months in prison, clearly within the statutory range.

**{¶26}** Collins argues however that the court erred by not considering a statutory preference for community control sanctions applicable to lower degree felonies. Collins first directs our attention to R.C. 2929.13(B)(1) which provides:

> Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
>
> (a) In committing the offense, the offender caused physical harm to a person.
>
> (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
>
> (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
>
> (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
>
> (e) The offender committed the offense for hire or as part of an organized criminal activity.
>
> (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
>
> (g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

---

[5] There is a clerical error in the judgment entry of sentence, i.e., the court incorrectly listed escape as a violation of R.C. 2921.23(A), which is "Failure to aid a law enforcement officer."

(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

(i) The offender committed the offense while in possession of a firearm.

**{¶27}** Collins indicates that none of these enumerated factors apply in his case.

With this in mind, Collins directs us to R.C. 2929.13(B)(2) which states:

(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.

(b) Except as provided in division (E), (F), or (G)[6] of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, *finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11* of the Revised Code, *the court shall impose a community control sanction* or combination of community control sanctions upon the offender.

(Emphasis added.)

**{¶28}** We agree that none of the specific factors described in R.C. 2929.13 (B)(1)(a) – (i) apply in this case, nor did the court make any findings in that regard. However, R.C. 2929.13(B)(2)(b) clearly explains that sentencing courts are not required to impose community control sanctions in the absence of these factors. If none of the factors apply, the statute instructs courts to additionally consider whether a community control sanction or combination of community control sanctions is consistent with the purposes of felony sentencing under R.C. 2929.11.

---

[6] Subsections E, F, and G apply to felony convictions not at issue here.

**{¶29}** The overriding purposes of felony sentencing are: (1) protecting the public from future crime; and (2) punishing the offender. R.C. 2929.11(A). In crafting a felony sentence to achieve these goals, courts are instructed to consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. In this case, it seems obvious that community control sanctions would not serve the statutory purposes of punishing the offender, deterring the offender and others from future crime, or rehabilitating the offender.

**{¶30}** With regard to "punishing the offender," community control sanctions here would operate as an undeserved award. Collins' actions during and after the crime reveal an individual with a lack of respect or regard for the law enforcement officers who arrested him and for the multitude of opportunities and second-chances presented to him by his own attorney, the state, and the Adams County common pleas court. There is nothing in the record indicating Collins deserved or would benefit from a lesser punishment than incarceration.

**{¶31}** Similarly, community control sanctions would not appear consistent with deterrence. Deterrence is an underlying and "basic" purpose of all criminal statutes. *State v. Adkins* (May 12, 1987), Hocking App. Nos. 427, 428, 1987 WL 13288, at *1 (Grey, J., concurring). The purpose of deterrence is to encourage the criminal and others to refrain from such conduct in the future because "[a]s a society we would prefer that people obey the law, that they conform their conduct to societal norms." Id. Collins would not be deterred from committing future criminal acts or encouraged to conform to

lawful behavior if the court essentially rewarded his bad acts with community control sanctions.

**{¶32}** Nor would community control appear likely to help Collins rehabilitate. Whether a person is amenable to rehabilitation is largely dependent on the individual in question. As the court noted, Collins had repeatedly rejected rehabilitation. He lasted less than two weeks at the Marsh House before voluntarily removing himself. Other than Collins' self-serving admission that he had been "disrespectful," nothing on the record indicates that Collins would be willing to change in the future.

**{¶33}** Finally, community control sanctions in this case would not seem to offer protection to the public from any future crimes Collins might commit. The relative liberty afforded by community control sanctions is ill-advised for an individual who has repeatedly demonstrated a disregard for conducting himself in accordance with the law and orders of the court. The record reflects that Collins ignored the conditions of his bond and took non-prescribed medications while his case was pending. Collins repeatedly failed to obtain a medical card and assessment for ILC after he was ordered to do so on more than one occasion by the court. Collins also missed scheduled appointments with his treatment center. Although it appears that Collins was not charged with any additional crimes while his case was pending, the totality of his actions during the case could reasonably lead the court to believe that Collins would likely be in trouble again.

**{¶34}** In sum, the record indicates the court gave due consideration to Collins' likelihood of successfully completing a term of community control sanctions and whether community control would be consistent with the overriding purposes of felony

sentencing. It found that in Collins' case, they would not. Common sense indicated to the court, and to us, that placing Collins on community control would be an exercise in futility. Thus, we find nothing clearly and convincingly contrary to law in the trial court's decision to impose a prison sentence, as opposed to community control sanctions. This assignment of error is meritless.

### C. Excessive Prison Term

**{¶35}** Collins also argues that the court abused its discretion by imposing a ten month prison sentence for a relatively minor offense. Collins contends that his criminal actions, essentially, appearing drunk in public, fleeing from law enforcement, and spitting on a law enforcement officer, are not commensurate with a ten month prison sentence.

**{¶36}** As we indicated previously, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Foster* at ¶100. However, in exercising their discretion, trial courts must still consider R.C. 2929.11 and R.C. 2929.12 before imposing a sentence within the authorized statutory range. See *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶38; *State v. Elswick,* Lake App. No. 2006-L-075, 2006-Ohio-7011, at ¶53 (stating that "[e]ven though trial courts are no longer required to make specific findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences on the record, R.C. 2929.11 and R.C. 2929.12 must still be considered when sentencing offenders").

**{¶37}** As we also stated previously, the term abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Adams* at 157-158. A court abuses its discretion "where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States* (1973), 478 F.2d 139, 147. * * * Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's [sic] can reverse the sentence. *Woosley,* supra at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of [a] sentence in a particular case." *Elswick* at ¶49, quoting *State v. Firouzmandi,* Licking App. No. 2006-CA-41, 2006-Ohio-5823, at ¶56.

**{¶38}** We cannot say that the trial court abused its discretion in imposing a ten month prison sentence. The court, after stating that it had considered R.C. 2929.11 and R.C. 2929.12, set out specific reasons it was imposing a prison sentence. The court first noted that Collins was originally charged with spitting on law enforcement officers. The court then stated it had reviewed a pre-sentence investigation report and a victim-impact statement. The court remarked that Collins was a "frequent flyer" in his courtroom, that he previously indicated to the court that there was nothing that the court could do to him because he was "off paper," and that Collins had repeatedly rejected opportunities to rehabilitate himself, avoid a felony conviction, and avoid a prison sentence. The court stated that it saw no way in which it could protect the public from future offenses by Collins.

**{¶39}** We believe the record demonstrates that the court gave due consideration to the purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors contained in R.C. 2929.12. Although ten months in prison is a considerable amount of time, and the crime itself was relatively minor, there is nothing about the sentence that "shocks our conscience." Felony sentencing is a largely discretionary affair. The record reflects the court may have hoped that such a sentence would demonstrate to Collins the consequences of his actions as well as deter him from future crimes. Both are valid purposes of felony sentencing under R.C. 2929.11.

**{¶40}** We also note that Collins was not given the maximum allowable sentence (twelve months) for this offense, but rather, a lesser sentence of ten months. Consequently, we find no abuse of discretion in the trial court's decision to impose a ten month prison term.

## IV. Conclusion

**{¶41}** We reject Collins' sole assignment of error. The court did not err by failing to impose community control sanctions in lieu of a prison sentence and the ten month prison term imposed by the court was neither contrary to law nor arbitrary, unreasonable, or unconscionable. Consequently, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Abele, J.:  Concur in Judgment and Opinion.


For the Court


BY:  _____
     William H. Harsha, Judge




### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**