[Cite as *State v. Clemons*, 2012-Ohio-5362.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11 BE 26 |
| | ) | |
| DAVIS FLOYD CLEMONS, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:         Criminal Appeal from Court of Common
                                  Pleas of Belmont County, Ohio
                                  Case No. 09CR013

JUDGMENT:                         Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee            Thomas A. Hampton
                                  Special Prosecuting Attorney
                                  P.O. Box 310
                                  160 East Main Street
                                  Barnesville, Ohio 43913

For Defendant-Appellant           Atty. Peter Galyardt
                                  Assistant State Public Defender
                                  250 East Broad Street, Suite 1400
                                  Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                  Dated: November 15, 2012

DONOFRIO, J.

{¶1} Defendant-appellant David Clemons appeals the Belmont County Common Pleas Court decision classifying him as a Tier III sex offender.

{¶2} In 2009, Clemons was indicted on eight counts of unlawful sexual conduct with a minor for his 1998 acts of sexual conduct with his daughter's friend. See R.C. 2907.04(A). The victim was thirteen and fourteen at the time of the relationship. Clemons was also indicted on two counts of raping his daughter, who was as young as four at the time of the first incident. See R.C. 2907.02(A)(1)(b) (constituting the offense of rape of a child under the age of ten). It was alleged that these rapes took place between January 1, 1994 and December 31, 1996.

{¶3} In an entry filed March 1, 2010, the court sentenced Clemons to three years on each of the first eight counts and ten to twenty-five years on the two rape counts all to run consecutively, for a total sentence of 44 to 74 years in prison. The court also classified Clemons as a Tier III sex offender pursuant to the current version of R.C. Chapter 2950, 2007 Am.Sub.S.B. No. 10 (S.B. 10) – Ohio's version of the federal Adam Walsh Act.

{¶4} Clemons appealed his conviction and sentence to this court in *State v. Clemons*, 7th Dist. No. 10 BE 7, 2011-Ohio-1177. This court affirmed his conviction and sentence with one exception. Clemons had argued that he should not have been tried and convicted for third-degree felony unlawful sexual conduct with a minor where the offense would have only constituted a fourth-degree felony at the time of commission. The court agreed, finding a defendant must be charged with the version of the offense in effect at the time of the crime's commission. Clemon's eight convictions of unlawful sexual conduct with a minor were amended to eight convictions for corruption of a minor and the case was remanded to the trial court for Clemons to be resentenced under the lower degree of felony.

{¶5} On remand, the trial court resentenced Clemons to seventeen months in prison on each of the amended eight convictions for corruption of a minor to be served consecutively to one another and consecutively to the sentences for Clemons's rape convictions, for a total sentence of 31 years and 4 months to 61

years and 4 months in prison. The court again classified Clemons as a Tier III sex offender. This appeal followed.

{¶6} Clemons's sole assignment of error states:

> The trial court violated Mr. Clemons's right under the Ohio Constitution to be free from retroactive laws. Section 28, Article II, Ohio Constitution. (June 9, 2011 Resentencing Hearing Transcript, at 21; June 10, 2011 Resentencing Entry, at 8).

{¶7} Clemons directs this court's attention to the Ohio Supreme Court's decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 344, 952 N.E.2d 1108, syllabus, where it held that "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." Here, each of Clemons's offenses occurred prior to the enactment of S.B. 10. Therefore, Clemons contends the trial court's classification of him as a Tier III sex offender should be reversed and his case remanded for reclassification under the law that existed at the time of his offenses.

{¶8} In response, plaintiff-appellee State of Ohio acknowledges the Ohio Supreme Court's *Williams* decision but insists that since Clemons did not contest his sex offender classification at the trial or appellate level when he was first classified as a Tier III sex offender he waived the ability to raise it now.

{¶9} The Ohio Supreme Court was asked to decide whether S.B. 10 was unconstitutionally retroactive when it was applied to an offender who committed a sex crime about one month prior to the enactment date of S.B. 10. *Williams,* 129 Ohio St.3d 344, 2011–Ohio–3374, 952 N.E.2d 1108. In response to that question, the Ohio Supreme Court held that S.B. 10 is punitive in nature. *Id.* at ¶ 15, 952 N.E.2d 1108. "The statutory scheme has changed dramatically since this court described the registration process imposed on sex offenders as an inconvenience 'comparable to renewing a driver's license.' [*State v. Cook* (1998), 83 Ohio St.3d 404, 409, 418, 700

N.E.2d 570].  And it has changed markedly since this court concluded in [*State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110] that R.C. Chapter 2950 was remedial." *Id.*  Senate Bill 10 has imposed new or additional burdens, duties, obligations, or liabilities as to a past transaction. *Id.* at ¶ 21.  Thus, the Court held that applying S.B. 10 to any sex offender who committed an offense prior to its enactment violates Section 28, Article II of the Ohio Constitution, the prohibition against the enactment of retroactive laws. *Id.*

{¶10} As for the state's argument that Clemons waived the issue of his sex offender classification, the Ohio Supreme Court has held that "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue." *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus.  However, the Ohio Supreme Court has also held that the waiver doctrine announced in *Awan* is discretionary. *In re M.D.,* 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus.  "Even where waiver is clear, [a reviewing court may] consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." *Id.*

{¶11} As indicated, the Ohio Supreme Court found in *Williams* that S.B. 10 violated the Ohio constitution's prohibition against retroactive laws as applied to defendants who committed sex offenses prior to its enactment.  Given that the Court found S.B. 10 unconstitutional on the basis of the constitution's prohibition against retroactive laws, we find that this is a compelling reason to allow Clemons's constitutional challenge despite his failure to raise it below.  This court has previously exercised authority to allow relief under *Williams*.  In *State v. Weaver*, 7th Dist. No. 11 BE 12, 2011-Ohio-6402, ¶18, this court allowed relief to a defendant under the *Williams* decision despite his having failed to appeal the trial court's original sentencing decision.

{¶12} Moreover, the Ohio Supreme Court's own treatment of cases like this one post-*Williams* further supports our decision here to reach Clemons's

constitutional challenge despite his having failed to raise it below. There were many cases the Court had accepted for review which involved a defendant who had lost their constitutional challenge at the trial or appellate court level. The Ohio Supreme Court stayed those cases pending its decision in *Williams*. Following the Court's decision in *Williams*, the Court reversed and remanded those cases for application of its *Williams* decision. Among those case were ones in which the defendant had failed to raise their constitutional challenge below. *See State v. Franklin*, 182 Ohio App.3d 410, 2009-Ohio-2664, 912 N.E.2d 1197 (10th Dist.).

{¶13} Accordingly, Clemons's sole assignment of error has merit.

{¶14} The judgment of the trial court is hereby reversed and the case remanded to the trial court to classify Clemons pursuant to the law that existed at the time he committed his offenses.

Vukovich, J., concurs.

DeGenaro, J., concurs.