[Cite as *State v. Slack*, 2012-Ohio-2081.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 11 COA 040 |
| OKEY B. SLACK, II | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  11 CRI 089


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      May 9, 2012


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

RAMONA FRANCESCONI ROGERS              TIMOTHY E. POTTS
PROSECUTING ATTORNEY                   GOOD & POTTS, LLC
PAUL T. LANGE                          10 East Main Street
ASSISTANT PROSECUTOR                   Ashland, Ohio  44805
110 Cottage Street, Third Floor
Ashland, Ohio  44805

*Wise, J.*

{¶1}  Defendant-appellant Okey B. Slack, II, appeals his sentence and conviction on one count of burglary entered in the Ashland County Court of Common Pleas.

{¶2}  Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶3}   On the night of August 9, 2011, Kyle Dalkert, a victim in this case, awoke to discover that someone had stolen his dog. The dog had been leashed in his backyard and was now missing. Several neighborhood kids located the dog at a nearby house where Appellant Okey B. Slack, II, and his co-defendant Michael Hudkins were hanging out. Appellant and Hudkins refused to return the dog to Dalkert and instead asked the kids to tell Dalkert to come down to the house.

{¶4}  When Dalkert did not show, Appellant and Hudkins went to Dalkert's home. When Dalkert came to the door, the two of them forced their way into the home and attacked Dalkert and his girlfriend. While Hudkins attacked Dalkert, Appellant choked his girlfriend, while repeatedly threatening her.

{¶5}  Appellant then switched his attention to Dalkert, striking him repeatedly and biting him on his shoulder. After assaulting Dalkert, Appellant kicked Dalkert's girlfriend in the chest while she lay on the ground.

{¶6}  As a result of the attack, Dalkert suffered a ruptured blood vessel in his eye, along with various bruises, scratches, and the bite mark.

{¶7}  Pursuant to a negotiated plea agreement, the State filed a Bill of Information charging Appellant with one count of Burglary, a felony of the third degree.

**{¶8}** On August 25, 2011, Appellant waived his right to a preliminary hearing on this charge and waived his right to be prosecuted by Indictment.

**{¶9}** On that same date, Appellant pled guilty to the burglary charge.

**{¶10}** On September 28, 2011, the trial court sentenced Appellant to five years in prison.

**{¶11}** Appellant now appeals, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

**{¶12}** "I. THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, IMPOSED A MAXIMUM SENTENCE UPON DEFENDANT/APPELLANT PURSUANT TO OHIO REVISED CODE SECTION 2929.14(A)(3); SAID MAXIMUM SENTENCE WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF SAID COURT'S DISCRETION.

**{¶13}** "II. THE SENTENCE IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, CREATED AN UNNECESSARY BURDEN ON STATE AND/OR LOCAL GOVERNMENT RESOURCES IN VIOLATION OF OHIO REVISED CODE SECTION 2929.13(A)."

**I.**

**{¶14}** In his first Assignment of Error, Appellant argues that the trial court abused its discretion in imposing a maximum sentence. We disagree.

**{¶15}** In the case *sub judice*, Appellant was convicted of Burglary, a felony of the third degree.

**{¶16}** In a plurality opinion, the Supreme Court of Ohio established a two-step procedure for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008-

Ohio-4912, 896 N.E.2d 124. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." *Id.*

{¶17} As a plurality opinion, *Kalish* is of limited precedential value. See *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (characterizing prior case as "of questionable precedential value inasmuch as it was a plurality opinion which failed to receive the requisite support of four justices of this court in order to constitute controlling law"). See, *State v. Franklin* (2009), 182 Ohio App.3d 410, 912 N.E.2d 1197, 2009-Ohio-2664 at ¶ 8. "Whether *Kalish* actually clarifies the issue is open to debate. The opinion carries no syllabus and only three justices concurred in the decision. A fourth concurred in judgment only and three justices dissented." *State v. Ross,* 4th Dist. No. 08CA872, 2009-Ohio-877, at FN 2; *State v. Welch,* Washington App. No. 08CA29, 2009-Ohio-2655 at ¶ 6.

{¶18} Nevertheless, until the Supreme Court of Ohio provides further guidance on the issue, we will continue to apply *Kalish* to appeals involving felony sentencing. *State v. Welch, supra*; *State v. Reed,* Cuyahoga App. No. 91767, 2009-Ohio-2264 at n. 2; *State v. Ringler,* Ashland App. No. 09–COA–008, 2009–Ohio–6280 at ¶ 20.

{¶19} In the first step of our analysis, we review whether the sentence is contrary to law. In the case at bar, Appellant was sentenced on a felony of the third degree. Upon conviction for a felony of the third degree, the potential sentence that the trial court can impose is one, two, three, four or five years. R.C. §29.14(A)(3).

**{¶20}** Here, the trial court sentenced Appellant to five years.

**{¶21}** Upon review, we find that the trial court's sentencing on the charge complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised appellant regarding post-release control. Therefore, the sentence is not clearly and convincingly contrary to law.

**{¶22}** Having determined that the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶ 4; *State v. Firouzmandi,* supra at ¶ 40.

**{¶23}** In *Kalish,* the court discussed the affect of the *Foster* decision on felony sentencing. The court stated that, in *Foster,* the Ohio Supreme Court severed the judicial fact-finding portions of R.C. §2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and 11, citing *Foster* at ¶ 100, *See also*, *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi,* Licking App. No. 2006–CA–41, 2006-Ohio-5823.

**{¶24}** "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶

13, see also *State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1; *State v. Firouzmandi, supra* at ¶ 29.

**{¶25}** Thus, post- *Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter,* 5th Dist. No. 2006–CA–0025, 2006–Ohio–4061; *State v. Delong,* 4th Dist. No. 05CA815, 2006–Ohio–2753 at ¶ 7–8. Therefore, post- *Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

**{¶26}** There is no requirement in R.C. §2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick* (1995), 101 Ohio App.3d 428, 431; *State v. Gant,* Mahoning App. No. 04 MA 252, 2006–Ohio–1469, at ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus* (1992), 63 Ohio St.3d 164, 166; *State v. Hughes,* Wood App. No. WD–05–024, 2005–Ohio–6405, at ¶ 10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006–Ohio–1342 at ¶ 19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

**{¶27}** Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation.

Where the record adequately justifies the sentence imposed, the court need not recite its reasons. *State v. Middleton* (Jan. 15, 1987), 8th Dist. No. 51545.

**{¶28}** In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors. *State v. Firouzmandi,* 5th Dist No. 2006–CA41, 2006–Ohio–5823 at ¶ 52.

**{¶29}** Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. *Cincinnati v. Clardy* (1978), 57 Ohio App.2d 153, 385 N.E.2d 1342.

**{¶30}** An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States* (1973), 478 F.2d 139, 147. The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. *Woosley,* supra at 143–145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence. *Woosley, supra* at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. *State v. Firouzmandi, supra*.

**{¶31}** In the case at bar, the trial court had the benefit of a pre-sentence investigation report. We also note that we do not know the specific contents of the pre-sentence investigation report or victim impact statement as Appellant did not make them

a part of the record. See *State v. Untied* (March 5, 1998), Muskingum App. No. CT97–0018.

{¶32} Upon review of the record, we find  no evidence the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of Appellant's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.

{¶33}  Appellant's first Assignment of Error is overruled.

**II.**

{¶34} In his second Assignment of Error, Appellant argues that the five-year sentence imposed in this matter creates an unnecessary burden on the State's resources.  We disagree.

{¶35} Specifically, Appellant argues that essentially the trial court erred by not complying with the new sentencing law, House Bill 86, which came into effect on September 30, 2011, two days after Appellant was sentenced. Appellant urges this court to consider the purposes of the new sentencing reforms in determining whether his sentence is an unnecessary burden on state and local government resources. Appellant submits that under the new mandate a court must use the minimum sanctions to accomplish the purposes and principles of sentencing without imposing an unnecessary burden on state or local government resources, as set forth in R.C. 2929.11, as amended by 2011 Am.Sub.H.B. No. 86.

{¶36} In *State v. Ober,* Second Dist No. 97CA0019, 1997 WL 624811 (Oct. 10, 1997), the Second District considered this same issue. In rejecting the argument, the court stated "Ober is correct that the 'sentence shall not impose an unnecessary burden on state or local government resources.' R.C. 2929.19(A). According to criminal law experts, this resource principle 'impacts on the application of the presumptions also contained in this section and upon the exercise of discretion.' Griffin & Katz, Ohio Felony Sentencing Law (1996–97), 62. Courts may consider whether a criminal sanction would unduly burden resources when deciding whether a second-degree felony offender has overcome the presumption in favor of imprisonment because the resource principle is consistent with the overriding purposes and principles of felony sentencing set forth in R.C.2929.11. *Id.*"

{¶37} The *Ober* court concluded, "[a]lthough resource burdens may be a relevant sentencing criterion, R.C. 2929.13(D) does not require trial courts to elevate resource conservation above the seriousness and recidivism factors. Imposing a community control sanction on *Ober* may have saved state and local government funds; however, this factor alone would not usually overcome the presumption in favor of imprisonment." *Id.*

{¶38} Several other appellate courts, including our own, considering these issues have reached the same conclusion. See, e.g ., *State v. Hyland,* Butler App. No. CA2005–05–103, 2006–Ohio–339, 2006 WL 215052, ¶ 32; *State v. Brooks,* 10th Dist. No. 97APA–11–1543, 1998 WL 514111 (Aug. 18, 1998); *State v. Stewart,* 8th Dist. No. 74691, 1999 WL 126940 (Mar. 4, 1999); *State v. Fox,* 3rd Dist. No. 16–2000–17, 2001 WL 218433 (Mar. 6, 2001); *State v. Miller,* 5th Dist. No. 04–COA–003, 2004–Ohio–

4636, 2004 WL 1945548. We agree with the reasoning of the *Ober* court and other courts considering this issue and find no merit to Appellant's argument.

**{¶39}** Further, R.C. §2929.13(A), in effect at the time of Appellant's sentencing provided, "[t]he sentence shall not impose an unnecessary burden on state or local government resources." However, "[t]he 2011 amendments to the sentencing statutes, which became effective September 30, 2011, have deleted this sentence." *State v. Saur,* 10th Dist. No. 10AP-1195, 2011-Ohio-6662, 2011 WL 6826861, fn. 1. Thus, the amended version of the sentencing statute does not require the sentencing court to consider the conservation principle set forth in former R.C. §2929.13(A). *Id.*

**{¶40}** Based on the foregoing, we find Appellant's second Assignment of Error not well-taken and overrule same.

**{¶41}** For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is affirmed.


By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

                                        JUDGES

JWW/d 0410

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                 :
                                              :
    Plaintiff-Appellee                    :
                                              :
-vs-                                          :                    JUDGMENT ENTRY
                                              :
OKEY B. SLACK, II                             :
                                              :
    Defendant-Appellant                   :                    Case No. 11 COA 040


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of common Pleas of Ashland County, Ohio, is affirmed.

Costs assessed to Appellant.


                               _____


                               _____


                               _____

                                        JUDGES