[Cite as *State v. Gooding*, 2013-Ohio-5148.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 13CA006 |
| MATTHEW L. GOODING | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Holmes County
                             Court of Common Pleas, Case
                             No.12CR151

JUDGMENT:                    Affirmed in part; reversed in part and
                             Remanded


DATE OF JUDGMENT ENTRY:      November 20, 2013


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

STEPHEN KNOWLING                      THOMAS WHITE
Prosecuting Attorney                  ALYSSE GILES
164 E. Jackson Street                 209 N. Washington Street
Millersburg, OH 44654                 Millersburg, OH 44654

*Gwin, P.J.*

{¶1} On January 31, 2013, appellant, Matthew L. Gooding ["Gooding"] entered a negotiated guilty plea to Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs (Methamphetamine), a felony of the third degree, in violation of Ohio Revised Code Section 2925.041(A). In exchange for this plea, the state dismissed the firearm specification contained in Count I of the Indictment. (Sent. T., March 13, 2013 at 3). The Trial Court imposed a maximum sentence of thirty-six months.

{¶2} It is from this conviction and sentence that Gooding has appealed, raising two assignments of error,

{¶3} "I. THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT TO THE MAXIMUM TERM OF THIRTY-SIX MONTHS FOR A VIOLATION OF OHIO REVISED CODE SECTION 2925.041(A).

{¶4} "II. THE TRIAL COURT ERRED BY GIVING DEFENDANT ONLY 33 DAYS OF CREDIT TOWARD HIS SENTENCE, WHEN HE SHOULD HAVE RECEIVED 71."

I.

{¶5} Gooding claims the trial court erred in sentencing him to the maximum prison term.

{¶6} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The

appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶7}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. The Eighth District recently stated in *State v. Venes,* 8th Dist. Cuyahoga No. 98682, 2013–Ohio–1891,

It is important to understand that the "clear and convincing" standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that "(t)he appellate court's standard for review is not whether the sentencing court abused its discretion." As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.

It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and

convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge.

This is an extremely deferential standard of review.

*Venes, supra,* at ¶ 20–21. *Accord, State v. Lee,* 10th Dist. Franklin No. CA2012-09-182, 2013-Ohio-3404, ¶9; *State v. Money*, 12th Dist. Clermont No. CA2013-02-016, 2013-Ohio-4535, ¶8. We note that the *Venes* decision's standard of review is limited to the imposition of consecutive sentences. *Venes, supra,* at ¶10.

In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court reviewed its decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 as it relates to the remaining sentencing statutes and appellate review of felony sentencing. See, *State v. Snyder*, 5th Dist. No. 2008-CA-25, 2080-Ohio-6709, 2008 WL 5265826.

**{¶8}**   In *Kalish*, the Court discussed the affect of the *Foster* decision on felony sentencing. The Court stated that, in *Foster*, the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish,*¶¶1 and 11, 896 N.E.2d 124, citing *Foster* at ¶100, See also, *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, 2006 WL 3185175.

**{¶9}**   "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C.

2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶13, see also *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi*, supra at ¶29.

Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G).

*Kalish* at ¶14.

{¶10} Therefore, *Kalish* holds that, in reviewing felony sentences and applying *Foster* to the remaining sentencing statutes, the appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *Kalish* at ¶4, *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶11} After reviewing the record, we find the trial court's sentence is not clearly and convincingly contrary to law. The trial court very clearly stated that it had considered the purposes and principles of sentencing according to R.C. 2929.11 and

balanced the seriousness and recidivism factors within R.C. 2929.12. The trial court noted that Gooding's co-defendant was also given a prison sentence. (Sent. T., March 13, 2013 at 3). The court found Gooding's actions,

I told your codefendant the same thing this is one of the most despicable acts I have ever seen. You are in a tent and I don't know how many yards you are off the trail, where kids ride their bicycles up and down the trail every single day. And I told your fiancé or girlfriend at the sentencing that lots of times on the weekends I try run on the trail almost every day, but on the weekends I will run on the trail, for something to do I count people that go by. When I do a five-mile run sometimes I see 50 to 60 people and on a summer day more and a lot of them are kids. You are cooking methamphetamine in a tent off of the trail where kids go by and it is inexcusable, it's truly one of the worst offenses I've had [sic.] this court. The only one I can think of worse, there was an individual making meth in a house where the child was through the fumes she tested positive for meth even though having not consumed them. I don't know how the chemicals work once they get in the atmosphere but I know how volatile the meth is, my understanding is at the time of the offense you are running an active cook, which means you are actively making meth amphetamine when they approached you. There was a weapon although you said, and I don't remember seeing it in the presentence, that it was unloaded and that maybe it was unloaded but there still a weapon in the tent. I understand maybe it was there for your protection, maybe your protection was

because you are making meth and you didn't want people to steal the meth from you, who knows? You had a job for four years you worked for the Cline and you're not working, you're not supporting your kids, and you are living in a tent and lost custody of your three children. It's, it's unfathomable.

(Sent. T., March 13, 2013 at 4). The trial court further noted,

The court has considered all matters of record including testimony, giving [sic.] the statements, presentence investigation, and prior to passing sentence the court is to consider all relevant constitutional, statutory and procedural issues. A sentence proposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing with and not demeaning to the serious of the offenders conduct and its impact on the victim and consistent with the sentence imposed for a similar crimes committed by similar offenders shall not actually burden local or state government resources and shall not [inaudible] be based on inadmissible purposes. The very important phrase in that sentence is similar crimes similar offenders, what this court has, this court has never given probation anyone involved with meth, ever and it never will. It is a horrendous drug. In imposing a sentence the court is not to consider the offenders race, ethnic background, gender or religion. Under the most serious offense this court finds none or less serious no physical harm to persons or property was expected but I honestly don't know what meth can do but if it explodes it sure as heck can affect

somebody. [Inaudible] place about that I am going to put down less serious. Under recidivism and of his prior adjudication or delinquency to your history of criminal convictions the defendant has failed to respond favorably in the past probation or parole. Under recidivism not likely the court finds none. Weighing those factors the courts finds recidivism is more likely. Under the felony of the third degree the court finds prison is consistent with the overriding purposes of and the principles of sentencing. Regarding financial sanctions the court finds the Defendant is unable to pay financial sanctions but the court finds the Defendant has the ability and will in the future be able to pay financial sanctions. It is therefore the sentence of this court one that you pay the mandatory fine of $5000.00 dollars payable to the Holmes County Sheriff's Department, pay the court costs, pay the fees and expense of court appointed counsel. Execution is awarded for fines, court costs, and restitution. The Defendants motor vehicle license is suspended for a period of five years. The Defendant shall serve a prison sentence of thirty-six months in the Lorain Correctional Institution at Grafton Ohio or so such other place as Department of Rehabilitation and Corrections and shall direct upon the one count of Illegal Assembly or Possession of Chemicals for the Manufacturing Drug Methamphetamine, and that is the maximum I can give you, and you deserve every day.

(Sent. T., March 13, 2013 at 5).

**{¶12}** A sentencing court has broad discretion to determine the relative weight to assign the factors in R.C. 2929.12. *State v. Arnett,* 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Subsequent to the Ohio Supreme Court's *Foster* decision, "[t]he decision to impose the maximum sentence is simply part of the trial court's overall discretion in issuing a felony sentence and is no longer tied to mandatory fact-finding provisions." *State v. Parsons,* 7th Dist. Belmont No. 12 BE 11, 2013–Ohio–1281, ¶14. *Accord, State v. Trammel,* 5th Dist. Stark No. 2012CA00237, 2013-Ohio-4354, ¶35.

**{¶13}** As the sentencing transcript reflects, Gooding's counsel outlined to the court all of the factors in Gooding's favor that could lead to mitigation. The court properly weighed these mitigating factors against the factors the court found to aggravate Gooding's conduct.

**{¶14}** Accordingly, we hold the thirty-six month sentence in this matter was not based on the consideration of improper factors and was not unreasonable, arbitrary or unconscionable. We further hold said sentence is not contrary to law.

**{¶15}** Gooding's first assignment of error is overruled.

## II.

**{¶16}** In his second assignment of error, Gooding maintains he was entitled to receive 71 days of jail-time credit for time he served in the county jail for the offense in lieu of confinement, but the trial court only ordered 33 days of credit. The state has responded,

> Based upon a review of the Holmes County Jail records, the
> defendant/appellant is entitled to eighty-one (81) days credit against his

prison sentence for time spent in the Holmes County Jail relating to the

underlying charges

Brief of Appellee at 4.

{¶17} Accordingly, Gooding's second assignment of error is sustained.

{¶18} The judgment of the Holmes County Court of Common Pleas is affirmed,

in part and reversed, in part and this matter is remanded for proceedings in accordance

with our opinion and the law.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. PATRICIA A. DELANEY

WSG:clw 1028

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                             :
                                          :
                    Plaintiff-Appellee    :
                                          :
                                          :
-vs-                                      :        JUDGMENT ENTRY
                                          :
MATTHEW L. GOODING                        :
                                          :
                                          :
                    Defendant-Appellant   :        CASE NO. 13CA006


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Holmes County Court of Common Pleas is affirmed, in part and reversed, in part

and this matter is remanded for proceedings in accordance with our opinion and the

law.  Costs to be shared equally by the parties.


_____

HON. W. SCOTT GWIN


_____

HON. WILLIAM B. HOFFMAN


_____

HON. PATRICIA A. DELANEY