[Cite as *State v. Hale*, 2014-Ohio-5028.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 14-CA-00014 |
| SHAWN M. HALE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:  Criminal appeal from the Perry County
Court of Common Pleas, Case No. 13-CR-
0049

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  November 7, 2014

APPEARANCES:

For Plaintiff-Appellee  For Defendant-Appellant

JOSEPH A. FLAUTT  TERRY RUGG
Perry Prosecuting Attorney  Barr, Jones & Associates, LLP
111 N. High Street  150 E. Mound Street, Ste. 200
New Lexington, OH  43764  Columbus, OH 43215

*Gwin, P.J.*

{¶1}    Appellant Shawn M. Hale ["Hale"] appeals his conviction and sentence after a negotiated guilty plea in the Perry County Court of Common Pleas for one count of engaging in a Pattern of Corrupt Activity a felony of the first degree in violation of R.C. Section 2923.32.

*Facts and Procedural History*

{¶2}    Hale was indicted on three counts of Aggravated Trafficking in Drugs felonies of the first degree in violation of R.C. 2925.03(A)(1) and R.C. 2925.03 (C)(1); one  count of Aggravated Trafficking a felony of the second degree in violation of R.C. 2925.03(A)(1) and R.C. 2925.03(C)(1)(c); one count Aggravated Trafficking in Drugs a felony of the third degree in violation of R.C. 2925.03(A)(1) and R.C. 2925.03(C)(2)(e); and one count of Engaging in a Pattern of Corrupt Activity a felony of the first degree in violation of R.C. Section 2923.32.

{¶3}    On November 6, 2013, Hale's attorney requested a continuance of the Status Conference/Plea scheduled for November 19, 2013 in order to review discovery. The trial court granted the continence by Judgment Entry filed November 7, 2013, rescheduling the matter to December 19, 2013.

{¶4}    On December 19, 2013, Hale requested a continuance of the Status Conference/Plea upon the grounds that he had just viewed discovery and counsel needed additional time to discuss the plea offer with Hale.

{¶5}    On December 23, 2013, Hale requested an identical continuance of the December 19, 2013 Status Conference /Plea upon the grounds that he had just viewed discovery and counsel needed additional time to discuss the plea offer with Hale.

{¶6} On January 6, 2013, the trial court granted Hale's requests for a continuance and rescheduled the Status Conference/Plea for January 17, 2014.

{¶7} By entry filed January 17, 2014, the trial court rescheduled the Status Conference/Plea to January 21, 2014.

{¶8} On January 21, 2014, Hale pled guilty to one count of Engaging in a Pattern of Corrupt Activity. The state dismissed the remaining charges. The court ordered a pre-sentence investigation report and deferred sentencing until February 25, 2014.

{¶9} On February 3, 2014, Hale requested a continuance because his attorney was scheduled to be out of town on vacation on February 25, 2014. The trial court granted the continuance by entry filed February 11, 2014 and rescheduled the sentencing hearing for February 20, 2014.

{¶10} On February 20, 2014, the trial court conducted a sentencing hearing. By this date, the pre-sentence investigation had been completed, filed and examined by the court. The trial court judge imposed a definite prison term of five years in a state penal institution. The judgment entry filed February 21, 2014 found that there were zero days of jail credit and advised Hale that post release control for a period of five years is mandatory in his case. The trial court's judgment entry further informed Hale of the consequences for violating the conditions of post release control, including but not limited to re-imprisonment for up to one half of the originally stated prison term.

*Assignments of Error*

{¶11} Hale raises four assignments of error,

{¶12} "I. DEFENDANT/APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE WAS NOT AFFORDED THE OPPORTUNITY TO REVIEW THE PRE-SENTENCE INVESTIGATION THAT WAS ORDERED BY THE COURT PRIOR TO HIS SENTENCE, WHICH PREVENTED HIM FROM INFORMING HIS COUNSEL AND THE COURT THAT THE PRE-SENTENCE INVESTIGATION CONTAINED INCORRECT INFORMATION ABOUT APPELLANT.

{¶13} "II. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE COURT APPOINTED COUNSEL TOLD APPELLANT THAT HIS CASE HAD TO BE COMPLETED WITHIN SIX (6) MONTHS AND THAT A JURY TRIAL WOULD NOT BE COMPLETED WITHIN THAT SIX (6) MONTH WINDOW OF TIME AND A PLEA WAS THE ONLY POSSIBLE OUTCOME.

{¶14} "III. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE APPELLANT'S TRIAL COUNSEL DID NOT MAKE CLEAR TO APPELLANT THAT WHEN, PRIOR TO HIS PLEA OF GUILTY, THE COURT ASKED APPELLANT IF HE WAS UNDER THE INFLUENCE OF DRUGS OR ALCOHOL THAT WOULD IMPAIR HIS ABILITY TO MAKE PROPER DECISIONS, THAT PRESCRIBED MEDICATIONS WERE TO BE INCLUDED IN THAT CONSIDERATION.

{¶15} "IV. THE TRIAL COURT JUDGE ABUSED HER DISCRETION WHEN IMPOSING SENTENCE UPON THE APPELLANT AND THE CASE SHOULD BE REMANDED TO THE TRIAL COURT FOR A NEW SENTENCING HEARING."

I, II, III

{¶16} Appellant's first, second and third assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶17} In his first assignment of error, Hale argues he was not given an opportunity to review the pre-sentence investigation report; in his second assignment of error, Hale contends his attorney gave inaccurate advice; and in his third assignment of error Hale argues that his attorney did not advise him he could speak prior to the imposition of sentence.

{¶18} In support of his arguments, Hale refers to numerous statements and circumstances that are not part of the record in this case. Hale's arguments center exclusively upon matters not contained in the trial court record. In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 4th Dist. Pickaway No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(10th Dist. 1963). New material and factual assertions contained in any brief in this court may not be considered. *See, North v. Beightler*, 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, *quoting Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16.

{¶19} Hale's new material may not be considered. Thus we cannot review Hale's first, second and third assignments of error in this appeal[1].

---

[1] Hale may however, be able to assert this claim in a Petition for Post Conviction Relief under R.C. 2953.21. We express no opinion on the timeliness or the merits of such a filing.

**{¶20}** Having reviewed *the record* that Hale cites in support of his claims that he was denied effective assistance of counsel, we find Hale was not prejudiced by defense counsel's representation of him. The result of the proceedings were not unreliable nor were the proceedings fundamentally unfair because of the performance of defense counsel. *Harrington v. Richter,* 562 U.S. 86, 131 S.Ct. 770, 777-778, 178 L.Ed.2d 624(2011).

**{¶21}** Hale's first, second and third assignments of error are overruled.

IV.

**{¶22}** In his fourth assignment of error, Hale maintains that the imposed sentence was an abuse of discretion.

**{¶23}** At the outset, we note there is no constitutional right to an appellate review of a criminal sentence. *Moffitt v. Ross*, 417 U.S. 600, 610–11, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341(1974); *McKane v. Durston*, 152 U.S. 684, 687, 14 S.Ct. 913. 917(1894); *State v. Smith*, 80 Ohio St.3d 89, 1997–Ohio–355, 684 N.E.2d 668(1997); *State v. Firouzmandi*, 5th Dist No. 2006–CA–41, 2006–Ohio–5823, 2006 WL 3185175. An individual has no substantive right to a particular sentence within the range authorized by statute. *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 1204–1205, 51 L.Ed.2d 393 (1977); *State v. Goggans*, Fifth District Delaware No. 2006–CA–07–0051, 2007–Ohio–1433, ¶ 28. In other words "[t]he sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction ... It is not the duration or severity of this sentence that renders it constitutionally invalid...." *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690(1948).

**{¶24}** R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶25}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. The Eighth District stated in *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013–Ohio–1891,

It is important to understand that the "clear and convincing" standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that "(t)he appellate court's standard for review is not whether the sentencing court abused its discretion." As a

practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.

It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.

*Venes, supra*, at ¶ 20–21. *Accord, State v. Lee*, 10th Dist. Franklin No. CA2012–09–182, 2013–Ohio–3404, ¶ 9; *State v. Money*, 12th Dist. Clermont No. CA2013–02–016, 2013–Ohio–4535, ¶ 8. *See also, State v. Gooding*, 5th Dist. Holmes No. 13CA006, 2013-Ohio-5148. We note that the *Venes* decision's standard of review is limited to the imposition of consecutive sentences. *Venes*, ¶10.

{¶26} In *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the Ohio Supreme Court reviewed its decision in *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470 as it relates to the remaining sentencing statutes and appellate review of felony sentencing. See, *State v. Snyder*, 5th Dist. Licking No. 2008–CA–25, 2080–Ohio–6709. In *Kalish*, the Court discussed the affect of the *Foster* decision on felony sentencing. The Court stated that, in *Foster*, the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or

more than the minimum sentences." *Kalish* at ¶1 and 11, 896 N.E.2d 124, citing *Foster* at ¶ 100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823.

> Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes.

> Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G).

*Kalish* at ¶13, *see also State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1; *State v. Firouzmandi*, supra at ¶ 29.

{¶27} Therefore, *Kalish* holds that, in reviewing felony sentences and applying *Foster* to the remaining sentencing statutes, the appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the

trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *Kalish* at ¶ 4, *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.

**{¶28}** The Supreme Court held, in *Kalish*, that the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." *Kalish* at ¶ 18. The Court further held that the trial court "gave careful and substantial deliberation to the relevant statutory considerations" and that there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable." *Kalish* at ¶ 20

**{¶29}** In the case at bar, Hale was convicted of a felony of the first degree. For a violation of a felony of the first degree, the potential sentence that a court can impose is three, four, five, six, seven, eight, nine, ten or eleven years. R.C. 2929.14(A)(1). Hale was sentenced to five years.

**{¶30}** Upon review, we find that the trial court's sentencing on the charge complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised appellant regarding post release control. See, *Termination Judgment Entry*, filed

February 21, 2014. Therefore, the sentence is not clearly and convincingly contrary to law.

**{¶31}** Having determined that the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶4; *State v. Firouzmandi, supra* at ¶40. In reviewing the record, we find that the trial court gave careful and substantial deliberation to the relevant statutory considerations.

**{¶32}** Recently, in *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, syllabus, the Supreme Court of Ohio stated that:

In order to impose *consecutive* terms of imprisonment, a trial court is *required* to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.(Emphasis added.)

**{¶33}** While the sentencing court is required to make these findings, it is not required to give reasons explaining the findings. Id. at ¶27; Furthermore, the sentencing court is not required to recite "a word-for-word recitation of the language of the statute." *Bonnell* at 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." Id. A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell* at ¶ 34. The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. Id. at the syllabus.

{¶34} A sentencing court has broad discretion to determine the relative weight to assign the factors in R.C. 2929.12. *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). In the case at bar, Hale was not sentenced to the maximum and did not receive consecutive sentences.

{¶35} In support of his contention that the trial court's sentence was an abuse of discretion, Hale cites to matters not contained in the trial court record. As we previously noted in our disposition of Hale's first, second and third assignments of error, we are precluded from considering matters outside the record. *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001).

{¶36} In the case at bar, we are unable to review Hale's January 17, 2014 court hearing[2], Hale's January 21, 2014 change of plea hearing and Hale's February 20, 2014 sentencing hearing because the transcript of those hearings was not filed with the trial court or made a part of the record for purposes of appeal.[3] Therefore, they do not constitute part of the record on appeal. See App.R. 9(A).

> When an appeal is filed in this court without a transcript, we generally presume the regularity of that proceeding and affirm. *Hoag,* 125 Ohio St.3d 49, 2010-Ohio-1629, 925 N.E.2d 984, ¶ 12, citing *Christy v. Summit Cty. Bd. of Elections* (1996), 77 Ohio St.3d 35, 39, 671 N.E.2d 1; *State ex rel. Duncan v. Portage Cty. Bd. of Elections,* 115 Ohio St.3d 405, 2007-Ohio-5346, 875 N.E.2d 578, ¶ 17. Similarly, without the benefit of

---

[2] The record does not reflect that a hearing in open court occurred on January 17, 2014, but see note 3.

[3] Hale refers to a "January 25, 2014" hearing and a hearing "Merely four(4) days later"; however we are unable to find on the trial court's docket a hearing on January 25, 2014, which was a Saturday, or a hearing on January 29, 2014. See, Appellant's Brief at 6. The trial court's Journal Entry filed January 29, 2014 states that Hale pled guilty on January 21, 2014. We will assume that Hale means to refer to a January 17, 2014 hearing and his change of plea on January 21, 2014. See, also note 2.

the evidence that was before the court of appeals, this court "'has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'" *Crane v. Perry Cty. Bd. of Elections,* 107 Ohio St.3d 287, 2005-Ohio-6509, 839 N.E.2d 14, ¶ 37, quoting *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384.

*State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.,* 127 Ohio St.3d 202, 2010-Ohio-5073, 937 N.E.2d 1274. Absent a complete transcript, we are unable to review the facts underlying the trial court's decision. Factual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case. *Akro-Plastics v. Drake Industries* 115 Ohio App.3d 221, 226, 685 N.E.2d 246, 249(11th Dist.1996).

{¶37} In *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384(1980), the Supreme Court of Ohio held the following,

The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St. 2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that ' * * *the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.* * *.' When portions of the transcript necessary for resolution of

assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)

Id. at 199, 400 N.E.2d 384.

{¶38} Without a complete record of the hearings in the trial court, we presume that the omitted hearings support the trial court's decision and that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. In the case at bar, the trial court's February 21, 2014 sentencing entry states it has considered the factors set forth in R.C. 2929.12.

{¶39} We further note that in the case at bar, the court had the benefit of a pre-sentence investigation report. We also note that we do not know the specific contents of the pre-sentence investigation report as appellant did not make them a part of the record. In *State v. Untied,* 5th Dist. Muskingum. No. CT97-0018, 1998 WL 401768(March 5, 1998), we addressed the issue of failure to include the pre-sentence investigation report and stated:

Appellate review contemplates that the entire record be presented. App. R. 9. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St. 2d 197, 400 N.E. 2d 384. The pre-sentence investigation report could have been submitted "under seal" for our review.

Without the cited information and given the trial court (sic) findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence, or 'contrary to law'." Id. at 7. See also, *State v. Mills* (September 25, 2003), 5th Dist. No. 03-COA-001 at paragraph, 13-15.

*Accord, State v. Slack,* 5th Dist. Ashland No. 11 COA 040, 2012-Ohio-2081.

**{¶40}** There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of Hale's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.

**{¶41}** Because the record before us is incomplete, this court must presume the regularity of the trial court proceedings. Based upon the record before this Court, this Court cannot find the trial court abused its discretion or violated Hale's constitutional rights.

**{¶42}** Hale's fourth assignment of error is overruled.

{¶43} For the foregoing reasons, the judgment of the Court of Common Pleas, Perry County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur